IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENWOOD DIVISION

| | |
|---|---|
| Paul Newman Allen, ) | |
| ) | Civil Action No. 8:-04-1957-CMC-BHH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| George Gintoli; Russel Hughes; Brenda ) | |
| Young-Rice; South Carolina ) | |
| Department of Mental Health, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, proceeding *pro se*, brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On June 27, 2005, the defendants filed a motion to dismiss.[1] On October 6, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary dismissal procedure and the possible consequences if he failed to respond adequately. Despite this explanation, the plaintiff elected not to respond to the motion.

As the plaintiff is proceeding *pro se*, the court filed a second order on December 2, 2005, giving the plaintiff through December 27, 2005, to file his response to the motion to dismiss. The plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. The plaintiff elected not to respond.

---

[1] The defendants had filed a first motion to dismiss on September 13, 2004. By a report and recommendation dated March 24, 2005, this court recommended that the motion be granted. By order dated March 31, 2005, United States District Judge Cameron Currie adopted in part the report and recommendation, dismissing the plaintiff's Section 1985 cause of action, but finding that the plaintiff also asserted a Section 1983 cause of action. Judge Currie recommitted the matter to this court for further proceedings. The defendants then filed the instant motion to dismiss the plaintiff's Section 1983 claim.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), *cert. denied*, 493 U.S. 1084 (1990).

                                                 s/Bruce H. Hendricks
                                                 United States Magistrate Judge

January 4, 2006

Greenville, South Carolina